## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**ROBERT L. YARBROUGH, #R7989**                                       **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 4:06cv121DPJ-JCS**

**CHRISTOPHER EPPS, Commissioner of MDOC**                            **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Robert L. Yarbrough, an inmate of the Mississippi Department of Corrections, currently incarcerated at the Boliver County Regional Correctional Facility, Cleveland, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  On October 10, 2006, Petitioner was ordered to file an amended petition to provide specific information regarding the exhaustion of his state court remedies.  On October 31, 2006, Petitioner filed his response [9-1].  As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed petitioner's allegations and has reached the following conclusions.

Petitioner was convicted of the sale of cocaine in the Circuit Court of Neshoba County, Mississippi on March 9, 2004.  Thereafter, Petitioner was sentenced to serve eighteen years in the custody of the Mississippi Department of Corrections.  Petitioner states that his direct appeal was affirmed by the Mississippi Supreme Court on September 22, 2005, cause number 2004-KA-540-SCT.  Petitioner filed an application for post-conviction collateral relief with the Mississippi Supreme Court on October 24, 2006, cause number 2006-M-01815.  *See Response* [9-1].  According to the online docket of the Mississippi

Supreme Court, this case is pending.

It is a fundamental prerequisite to federal habeas relief that Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

Petitioner is currently pursuing his available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et. seq*.  It is apparent from the record that Petitioner has not completed the exhaustion of his available state remedies.  A habeas Petitioner who has failed to exhaust all of his post-conviction remedies has not asserted a cognizable right to federal habeas relief under Section 2254.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). As such, Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed at this time, without prejudice, for Petitioner's failure to exhaust his available state remedies.[1]

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 7th day of December, 2006.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] The petitioner's previous request to stay this case pending the resolution of his [not yet filed] state court post-conviction action was denied.  Nevertheless, the Court stated that his request would be reevaluated prior to a final judgment being entered in this case.  Petitioner felt a stay was necessary in order for him to avoid a time bar by the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations.  The petitioner is correct in his conclusion that under the AEDPA, a state prisoner has one year after the date on which his conviction becomes final to file a § 2254 motion.  *See* 28 U.S.C. § 2244(d)(1).  However, Petitioner is advised that section 2244(d)(2) provides that this one year period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The petitioner is cautioned that "[u]nder the plain language of the statute, any time that passed between the time that [the petitioner's] conviction became final and the time that his state application of habeas was properly filed must be *counted against* the one year period of limitation."  *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)(emphasis added).